IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NASEER ALI-BEY,<br>as Attorney-in-Fact/Next Friend for<br>ALFONSO ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>PHILIP PARKER, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>Respondents. | C.A. No. 25-1548 (GBW) |

## MEMORANDUM ORDER

Naseer Ali-Bey, claiming to be Attorney-in-Fact or Next Friend for Alfonso Espinoza,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D.I. 1) and "Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (D.I. 3). In limited circumstances, courts may permit a "next friend" to pursue an action on behalf of another person. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Prerequisites for obtaining "next friend" standing include: (1) that "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) "the 'next

---

[1] Espinoza is an inmate at Howard R. Young Correctional Institution.

friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation omitted). Ali-Bey has not provided any information to demonstrate the first prerequisite and nothing other than the Power of Attorney ("POA") attached to the Petition as Exhibit A (D.I. 1-1 at 2) to establish the second. Therefore, Ali-Bey has failed to satisfy the requirements for "next friend" standing.

Even if Ali-Bey had satisfied the requirements for "next friend" standing "[a] non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (per curiam); *see also Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (per curiam) (holding "next friend" may not proceed in federal court without attorney). To the extent Ali-Bey relies on the POA as authority to bring this action on behalf of Espinoza, a non-lawyer may not bring a lawsuit or prosecute a lawsuit on behalf of another even with a power of attorney. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (holding power of attorney does not permit *pro se* representation in federal court); *see also* 28 U.S.C. § 1654 (permitting parties in federal court to "plead and conduct their own cases personally or by counsel"); *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)

(stating precedent that "non-attorney may not represent other parties in federal court"). Ali-Bey does not claim to be an attorney.

**WHEREFORE,** at Wilmington on this 9th day of February 2026, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D.I. 1) and "Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (D.I. 3) are **DISMISSED WITHOUT PREJUDICE** to Espinoza's right to raise these claims on his own behalf, either *pro se* or through counsel.

2. In addition to mailing a copy of this Order to Ali-Bey, the Clerk is directed to mail a copy of this Order, the Petition and its Exhibits (D.I. 1; D.I. 1-1), and "Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (D.I. 3) to Alfonso Espinoza – SBI #01036815, Howard R. Young Correctional Institution, PO Box 9561, Wilmington, DE 19809. The Court notes that instructions and forms for filing a petition for a writ of habeas corpus (including both AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and AO 241 Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody) and an Application to Proceed in District Court without Prepaying Fees or Costs (also known as a motion for leave to proceed *in forma pauperis*) can be found on the Court's website at https://www.ded.uscourts.gov/forms.

3. The Clerk is directed to **CLOSE** the case.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE